### Herman Heimann v. Charles L. Hainz.

1. CONSIDERATION—*Want of, in Promissory Note.*—A consideration must be given to make a promissory note binding upon the maker.

2. SAME—*Giving a New Note for an Old One.*—Where a new note is given for an old note which was without consideration the new note is also without consideration.

Assumpsit, on promissory notes.—Appeal from the Circuit Court of Edwards County; the Hon. EDMUND D. YOUNGBLOOD, Judge, presiding. Heard in this court at the February term, 1896. Affirmed. Opinion filed June 18, 1896.

C. O. ELLIS and E. C. KRAMER, attorneys for appellant.

EDWARD KERSHAW and H. J. STRAWN, attorneys for appellee.

MR. PRESIDING JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

This suit was brought June 7, 1895, before a justice of the peace, to recover the amount of three promissory notes, signed by appellee, dated March 25, 1887; one for $15, payable in thirty days, to appellant; another for $20, payable in sixty days to appellant, and the third for $20, payable in ninety days, to appellant, each bearing eight per cent interest from its date. After a trial, a verdict and judgment for defendant, the plaintiff took an appeal to the Circuit Court, where a trial was had resulting in a verdict and judgment for defendant for costs, to reverse which, plaintiff

takes this appeal. The uncontradicted evidence proved that in 1873 or 1874, appellee traded horses with appellant's father, giving him a horse and note for $55, for a horse waranted to be sound by the father. The horse proved to be moon-eyed and unsound. The appellee at once took it back to the father, informed him of the unsoundness of the horse, and in consideration that the appellee would keep it and permit the father to keep the horse he had received in exchange, the latter agreed to surrender the note to appellee, and went into the house to get it, but failed to find it and so informed appellee, and said he would never bother appellee about it whether he ever found it or not. Appellee agreed to the proffered arrangement, kept the unsound horse and the father kept the horse he had received. About thirteen years thereafter, appellant presented this note, which his father had given him, and for which he had paid nothing, to appellee, and demanded payment. Appellee testified that he told appellant he had no note against him. The latter then produced the note and appellee said that note was to have been destroyed by the father. The upshot of the interview was that appellee executed the notes sued on for that note.

The evidence justified the finding that said notes were given in lieu of the original note, which was settled by the agreement of the payee and maker, in consideration that the maker would keep the unsound horse and permit the payee to retain the horse he had received in exchange. The original note from that time was no longer a debt, and would not be a consideration, good or valuable, for the notes sued on. There was no doubtful right to compromise or well founded claim to settle, but a wrongful assertion of a claim which appellee, when the notes were executed, knew had no valid existence as against him. The only defense relied on was want of consideration, and this was fully established by the proof. Mullholland v. Bartlett, 74 Ill. 62. The rulings of the court in admitting the evidence of appellee and Smith, as to the trade of horses and the settlement of the note, were proper, as such evidence proved the

note was without value or vitality, and was no consideration for the notes given for it.    The two instructions given for defendant stated the law to be as we understand it. The modification of plaintiff's first instruction and refusal to give on his behalf instructions two, three, four, five and six, is assigned for error.    The first instruction, as asked for, informed the jury that the notes read in evidence made a *prima facie* case, and entitled the plaintiff to recover unless contradicted by competent evidence.    This was modified so as to read as follows:    " The court instructs the jury that the notes themselves make a *prima facie* case, and entitle the plaintiff to recover, unless the evidence shows they were given without any valid consideration."    The modification was correct.    The second refused instruction was not the law under the facts proven, and was properly refused. The third refused instruction was " that forbearance to sue is a sufficient and good consideration."    To make forbearance to sue a good consideration for a promise to pay, there must be a well founded claim in law or equity, or there must be a compromise of a doubtful right.    In this case there was no good consideration for the promise to pay, nor was there a compromise of a doubtful right.    Hence the instruction had no evidence to base it on, and was properly refused.    The fourth refused instruction, for the same reason, was erroneous.    It stated that a compromise of a doubtful claim is a good consideration, which, while true as an abstract proposition of law, had no place under the evidence in this case.    The fifth refused instruction told the jury that unless the jury believed from a preponderance of the evidence the notes were procured by fraud or duress, they should find for plaintiff.    The defense was want of consideration; hence this instruction was erroneous, and was also properly refused.    We find no error in the rulings of the court, and the verdict is fully supported by the evidence. The judgment is affirmed.